IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES F. HUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:12-CV-0464 |
| ) | |
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | |

## CSX TRANSPORTATION, INC.'S ANSWER

Comes Defendant, CSX Transportation, Inc. ("CSXT"), by and through its counsel of record, and, for its Answer to Plaintiff's Complaint, states that:

### I.

CSXT responds to the individually numbered paragraphs contained in Plaintiff's Complaint as follows:

1. CSXT has insufficient information to admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. CSXT denies that it is organized under the laws of the state of Florida. CSXT admits the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

3. CSXT admits that Plaintiff has brought suit pursuant to the FELA and that the FELA provides for concurrent jurisdiction as alleged in paragraph 3 of Plaintiff's Complaint.

4. CSXT denies that Plaintiff was injured or suffered damages in any alleged incident which is the subject of this action. CSXT admits the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

5. CSXT admits that Plaintiff has brought suit pursuant to the FELA.

6. CSXT admits Plaintiff was working in or near Nashville, Tennessee, on December 28, 2009. CSXT denies that it breached any duty to Plaintiff. CSXT is without information sufficient to admit or deny the remaining allegations contained in paragraph 6 of Plaintiff's Complaint and therefore denies those allegations and demands strict proof thereof.

7. CSXT denies the allegations contained in paragraph 7 of Plaintiff's Complaint, including subparagraphs (a)-(d). CSXT asserts that it provided Plaintiff a reasonably safe place to work.

8. CSXT denies that it breached any duty to Plaintiff. CSXT is without information sufficient to admit or deny the remaining allegations contained in paragraph 8 of Plaintiff's Complaint and therefore denies those allegations and demands strict proof thereof.

9. CSXT denies that it breached any duty to Plaintiff. CSXT is without information sufficient to admit or deny the remaining allegations contained in paragraph 9 of Plaintiff's Complaint and therefore denies those allegations and demands strict proof thereof.

10. CSXT re-states and incorporates by reference every response to the allegations contained in paragraphs 1 through 9 of Plaintiff's Complaint.

11. CSXT admits Plaintiff was working in or near Nashville, Tennessee, in February 2010. CSXT denies all allegations of its negligence. CSXT is without information sufficient to admit or deny the remaining allegations contained in paragraph 11 of Plaintiff's Complaint and therefore denies those allegations and demands strict proof thereof.

12. CSXT denies the allegations contained in paragraph 12 of Plaintiff's Complaint, including subparagraphs (a)-(d). CSXT asserts that it provided Plaintiff a reasonably safe place to work.

13. CSXT denies that it breached any duty to Plaintiff. CSXT is without information sufficient to admit or deny the remaining allegations contained in paragraph 13 of Plaintiff's Complaint and therefore denies those allegations and demands strict proof thereof.

14. CSXT denies that it breached any duty to Plaintiff. CSXT is without information sufficient to admit or deny the remaining allegations contained in paragraph 14 of Plaintiff's Complaint and therefore denies those allegations and demands strict proof thereof.

## II.

CSXT denies every allegation contained in Plaintiff's Complaint that is not previously admitted or denied.

## III.

By way of further answer and affirmative defense, CSXT states that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## IV.

By way of further answer and affirmative defense, CSXT states that Plaintiff has failed to mitigate his damages.

## V.

By way of further answer and affirmative defense, and while denying that Plaintiff has suffered any injuries caused by CSXT's negligence, CSXT pleads and relies on the doctrine of comparative fault.

## VI.

By way of further answer and affirmative defense, and while denying that Plaintiff has suffered any injuries caused by CSXT's negligence, CSXT states that any alleged injuries suffered by Plaintiff are caused by pre-existing conditions.

## VII.

CSXT reserves the right to amend its Answer and assert additional affirmative defenses as its investigation into this matter continues.

**WHEREFORE,** having fully answered and responded to Plaintiff's Complaint, CSXT respectfully request that this Court dismiss Plaintiff's Complaint and assess costs accordingly. In the alternative, CSXT demands a trial by a jury.

Respectfully submitted,

*s/ Mary Taylor Gallagher*
Mary Taylor Gallagher
Matthew Bryant Haskell
GULLETT, SANFORD, ROBINSON &
   MARTIN, PLLC
P.O. Box 198888
Nashville, Tennessee 37219
(615) 244-4994
(615) 256-6339

mtgallagher@gsrm.com
mhaskell@gsrm.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2012, a copy of the foregoing Answer to Plaintiff's Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system. *The party or parties served are as follows:

Michael Hamilton, Esq.
2021 Richard Jones Road, Suite 300
Nashville, TN 37215

Claude W. Anderson, Jr.
The Moody Law Firm, Inc.
500 Crawford Street, Suite 300
Portsmouth, Virginia 23705

*s/ Mary Taylor Gallagher*

488714.1/2012449